53348

**ORIGINAL**

25

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**DANIEL WOOD, RONALD GOINS,
and PRISCILLA SUE STREET,
on behalf of themselves and a similarly
situated class,**

             Plaintiffs,

vs.

**DETROIT DIESEL CORPORATION,**

           Defendant.

_Exhibit A-C_

```
JUDGE : Hood, Denise Page
DECK  : S. Division Civil Deck
DATE  : 10/26/2005 @ 15:13:29
CASE NUMBER : 2:05CV74106
CMP DANIEL WOOD ET AL V DET
DIESEL CORP (SI) LG
```

MAGISTRATE JUDGE R. STEVEN WHALEN

## CLASS ACTION COMPLAINT

Plaintiffs, by their undersigned attorneys, on behalf of themselves and all others similarly situated, bring this class action against defendant Detroit Diesel Corporation ("Detroit Diesel"), for damages, injunctive, and other relief, alleging the following:

1.    This action is brought as a class action by the plaintiff Class Representatives on behalf of themselves and a similarly situated class of retirees and surviving spouses, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Count I is brought under §301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185, and seeks damages for breach of collective bargaining agreements as well as injunctive relief. Count II is brought under §502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(1)(B), and seeks to recover benefits due and to clarify rights to benefits due under an employee welfare benefit plan and to remedy a breach of fiduciary duty, as well as attorneys fees and other relief.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Count I under §301 of the LMRA, 29 U.S.C. §185. This Court has jurisdiction over Count II under §502(a)(1)(B), §502(a)(3), §502(e), and §502(f) of ERISA, 29 U.S.C. §1132(a)(1)(B), §1132(a)(3), §1132(e), §1132(f), and applicable federal common law. Venue in this judicial district is proper under §301 of LMRA, 29 U.S.C. §185, and §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## PARTIES

3.      Class Representative Daniel Wood resides in Canton, Michigan. He retired from employment with Detroit Diesel in August, 1999, and is covered, along with his wife, under the defendant's retiree medical benefits plan.

4.      Class Representative Ronald Goins resides in Howell, Michigan. He retired from employment with Detroit Diesel in August, 1999, and is covered under the defendant's retiree medical benefits plan.

5.      Class Representative Priscilla Sue Street resides in Garden City, Michigan. She is the surviving spouse of Marshall Wayne Street, who retired from employment with Detroit Diesel in October, 1997, and she is covered under the defendant's retiree medical benefits plan.

6.      Defendant Detroit Diesel Corporation is a Michigan corporation with principal offices and operations in Detroit, Michigan.

## CLASS ACTION ALLEGATIONS

7.      The Class Representatives Daniel Wood, Ronald Goins, and Priscilla Sue Street bring a class action on behalf of themselves and other similarly situated persons who are members of the proposed plaintiff class. The proposed plaintiff Class is composed of: former employees of Detroit

Diesel who were represented by the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America and its Local 163 ("UAW") in collective bargaining, and who retired on or after January 1, 1993 and prior to October 31, 2004, with eligibility for retiree health insurance benefits, together with their eligible dependents, and the surviving spouses of such former employees.

8.       The exact number of members of the proposed Class identified in the preceding paragraph is not presently known, but upon information and belief exceeds one thousand. The proposed Class is so numerous that joinder of individual members in this action is impracticable.

9.       There are common questions of law and fact in the action that relate to and affect the rights of each member of the proposed Class; and they predominate over any questions affecting only individual members, making a class action superior to other available methods for the fair and efficient adjudication of this case. The relief sought in this Complaint is common to the entire proposed Class.

10.       The claims of the Class Representatives are typical of the claims of the proposed Class they represent, in that the claims of all members of the Class, including the Class Representatives, depend upon a showing that Detroit Diesel is obligated under ERISA and the LMRA to continue providing them with vested retiree health care benefits, fully paid for by Detroit Diesel. There is no conflict between any Class Representative and other members of the proposed Class with respect to this action.

11.       The Class Representatives are the representative parties of the proposed Class, and are able to, and will, fairly and adequately protect the interests of the Class. The attorneys for the Class Representatives are experienced and capable in the field of labor law and ERISA and have

3

successfully prosecuted numerous class actions of a similar nature.

12.     The defendant has acted on grounds generally applicable to the proposed Class, thereby making injunctive and declaratory relief appropriate with respect to the proposed Class as a whole.

13.     This action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for the defendants. Further, the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or which would substantially impair or impede their ability to protect their interests.

## COMMON FACTUAL ALLEGATIONS

14.     The UAW is a labor organization as defined in §101(5) of the National Labor Relations Act, 29 U.S.C. §152(5). The UAW represented the Class Representatives and retiree members of the Class, at the time they were employees of Detroit Diesel, in negotiating collective bargaining agreements.

15.     UAW and Detroit Diesel entered into a series of collective bargaining agreements, including an agreement dated October 1, 1990 through August 26, 1994, an agreement dated August 26, 1994 though August 30, 1998, and an agreement dated September 28, 1998 through October 31, 2004, all of which included an obligation to provide vested lifetime retiree health care benefits to the Class Representatives and to the Class members at no cost to the retirees and surviving spouses. Copies of the pertinent provisions of the collective bargaining agreement insurance supplement to

4

the October 1, 1990 through August 26, 1994 agreement, the August 26, 1994 though August 30, 1998 agreement, and the September 28, 1998 through October 31, 2004 agreement are attached to this Complaint as Exhibits A, B and C respectively.

16.     By letter dated August 17, 2005, Detroit Diesel informed the Class Representatives and the proposed Class members that effective January 1, 2006, they would be required to contribute towards the cost of their medical insurance as a condition of continued coverage.  According to the information provided by Detroit Diesel to the Class Representatives and the proposed Class members, the required annual contributions for a pre-Medicare eligible married couple will range from $6,096 to $10,008 depending on the type of plan elected.

17.     The announced change in medical benefits will cause significant and irreparable hardship for many retirees who subsist on fixed incomes and limited means, many of whom depend on their medical insurance coverage for their health, and in some cases, for their survival.

COUNT 1

VIOLATION OF COLLECTIVE BARGAINING AGREEMENTS

18.     Plaintiffs re-allege and incorporate all preceding paragraphs as though fully set forth in this Count I.

19.     The collective bargaining agreements between the UAW and Detroit Diesel provided for vested lifetime retiree health care benefits to the Class Representatives and Class members, paid for in full by Detroit Diesel.

20.     At no time during the terms of the collective bargaining agreements did UAW agree that Detroit Diesel would be relieved of its contractual obligation to pay the full cost of lifetime retiree health care benefits covering the Class Representatives and Class members.

5

21.    Detroit Diesel's announced imposition of required contributions for retiree health care benefits is a breach of its contractual obligation to provide vested lifetime retiree health care benefits at no cost to the Class Representatives and Class members.

22.    Continuation of health care benefits as agreed to by the defendant is a matter of concern and importance to the Class Representatives and Class members. Defendant's breach of its contractual obligations as set forth in this count has caused the Class Representatives and similarly situated Class members great mental anguish and distress.

## COUNT II

## VIOLATION OF ERISA PLAN

23.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth in this Count II.

24.    The collectively bargained obligation to provide vested lifetime retiree health care benefits at no cost to the Class Representatives and to the Class members as described in this Complaint established an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3).

25.    Detroit Diesel is or was at relevant times the "plan sponsor" and/or "administrator" of the above-mentioned employee welfare benefit plan, within the meaning of §3(16)(A)-(B) of ERISA, 29 U.S.C. §1002(16)(A)-(B).

26.    The Class Representatives and Class members are "participants" in the employee welfare benefit plan, within the meaning of §3(7) of ERISA, 29 U.S.C. §1002(7).

27.    The terms of the employee welfare benefit plan require that Detroit Diesel provide vested lifetime retiree health care benefits at no cost to the Class Representatives and the Class

6

members.

28.     Detroit Diesel's announced imposition of required contributions for retiree health care benefits is a breach of its obligations under the employee welfare benefit plan. Further, by proposing the imposition of required contributions for retiree health care benefits in violation of the employee welfare benefit plan, Detroit Diesel has breached its fiduciary duty as administrator of the plan.

## RELIEF REQUESTED

WHEREFORE, the plaintiffs respectfully request that this Court:

A.     Issue a declaratory judgment pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), and 28 U.S.C. §2201, declaring that defendant Detroit Diesel is obligated under the LMRA and ERISA to provide vested lifetime retiree health care benefits at no cost to the Class Representatives and Class members as set forth in the applicable collective bargaining agreements and in the welfare benefit plan created thereby.

B.     Enter a temporary restraining order, preliminary injunction and permanent injunction restraining the defendant from requiring the Class Representatives and the Class members to make contributions in order to receive retiree health care benefits, and restraining the defendant from otherwise altering the employee welfare benefit plan described above.

C.     Order the defendant to reimburse the Class Representatives and proposed Class members for any costs incurred as a result of the defendant's proposed alteration or alteration of the employee welfare benefit plan described above., including but not limited to and medical expenses incurred and contributions paid.

D.     Order the defendant to pay damages for mental distress and anguish suffered by the Class Representatives and proposed Class members resulting from the defendant's breach and/or threatened breach of its contractual obligation to provide health care benefits at no cost to the Class

7

Representatives and Class members.

     E.     Award the plaintiffs their attorneys' fees, punitive damages, and costs incurred in this

action.

     F.     Grant such further relief as may be deemed necessary and proper.

          Respectfully Submitted,

          SACHS WALDMAN

          Andrew Nickelhoff (P37990)
          Attorneys for Plaintiffs
          Sachs Waldman, Professional Corporation
          1000 Farmer Street
          Detroit, MI  48226     (313) 496-9429

Dated:  October 26, 2005



# Supplemental Agreement

## Covering

## HEALTH CARE PROGRAM

Exhibits C and C-1

to

AGREEMENT

between

**DETROIT DIESEL CORPORATION**

and

**UAW**

dated

**August 17, 1990**

(f) Employees shall contribute the full cost for health care coverages continued in accordance with subsection (c) above.

## Section 5.   Continuation of Coverages During Other Leaves of Absence

(a) All health care coverages for an employee on an approved leave of absence other than for disability shall be continued to the end of the month in which the employee is last in active service.

(b) An employee who desires to continue coverages beyond the period specified in subsection (a) above may do so, on a self-paid basis, under the provisions of applicable Federal law, but in no event for a period of less than twelve (12) months.

(c) If an employee has not broken seniority and has continued coverages as provided in subsection (b) above during an approved leave of absence other than for disability, granted because of a clinically anticipated disability based on the natural course of the employee's diagnosed condition, and presents medical certification from the employee's personal physician, satisfactory to the Corporation, that the employee is totally disabled, health care coverages shall be provided, as of the date such certification is presented, on the same basis as set forth in Section 4.

(d) The Corporation shall make contributions for health care coverages continued in accordance with subsection (c) above, on the same basis as set forth in Section 4, as of the date certification of disability is presented.

## Section 6.   Continuation of Coverages Upon Retirement or Termination of Employment at Age 65 or Older

(a) The health care coverages an employee has at the time of retirement or termination of employment at age 65 or older

32

(for any reason other than a discharge for cause) with insufficient credited service to entitle the employee to a benefit under Article II of the Detroit Diesel Hourly-Rate Employees Pension Plan shall be continued.

(b) An employee who upon retirement is not enrolled for the coverages as provided in subsection (a) above may enroll for health care coverages to which entitled at the time of or subsequent to retirement. Such coverage shall become effective on the first of the month following receipt of application from such retired employee.

(c) The Corporation shall make contributions, in accordance with Program provisions, for health care coverages continued in accordance with subsections (a) and (b) above, for:

(1) a retired employee (including any eligible dependents other than sponsored dependents), provided such retired employee is eligible for benefits under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan; and

(2) an employee (including any eligible dependents other than sponsored dependents) terminating at age 65 or older (for any reason other than a discharge for cause) with sufficient credited service to be entitled to a benefit under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan.

## Section 7.   Continuation of Coverages Upon Termination of Employment Other Than by Retirement or Death

(a) Except as provided in Article III, Section 4(c) above, health care coverages for an employee who quits or is discharged shall automatically cease as of the last day of the month in which the employee quits or is discharged or, if later, the date seniority is broken.

33

(b) Following termination of employment other than by retirement or death, the former employee shall be entitled to continuation of coverages provided under applicable Federal laws, or to a conversion contract under Section 10, below.

## Section 8.  Continuation of Coverages for the Survivors of an Employee, or of a Retired Employee or Certain Former Employee

(a) If an employee dies prior to becoming eligible for health care coverages under Section 2 above, the Corporation shall permit the spouse of such employee to participate in the core coverages, on a self-pay basis, as provided in subsection (b)(1) below.

(b) If an employee or retiree dies after coverages are in effect under the Program, coverage for any dependents will cease as of the end of the month in which the employee or retiree dies. Thereafter, a surviving spouse may be eligible to continue coverages as indicated below.

For purposes of this Section 8 and of Article V, "surviving spouse" does not include the spouse of a former employee eligible for a deferred pension under Article VII, Section 2 of The Detroit Diesel Hourly-Rate Employees Pension Plan; or a spouse or former spouse receiving, or eligible to receive, a pre-retirement survivor benefit under Article II, Section 12 of the previously referenced Pension Plan.

(1) The Corporation shall make suitable arrangements for the surviving spouse of an employee to participate, on a self-pay basis, in core coverages as long as monthly survivor income benefits provided in the Detroit Diesel Life and Disability Benefits Program for Hourly Employees are payable, or as long as the Bridge Survivor Income Benefit provided therein is not payable only because the survivor is eligible for a Mother's

Insurance Benefit, or a comparable benefit for a father whether or not it is called a Father's Insurance Benefit, under the Federal Social Security Act as now in effect or as hereafter amended. However, such coverage shall not include prescription drug or hearing aid coverage unless applicable to the employee at the date of death.

(2) The Corporation shall make contributions for core coverages continued in accordance with subsection (b)(2) above, for the first six months in which monthly Transition Survivor Income Benefits are payable to a surviving spouse who also is eligible for monthly Bridge Survivor Income Benefits provided under the Detroit Diesel Life and Disability Benefits Program. This provision also shall apply to the surviving spouse of an employee who dies on or after January 1, 1988, but who is ineligible for Bridge Survivor Income Benefits solely because of being age sixty (60) or older as of the employee's date of death. Thereafter, the surviving spouse shall contribute the full cost for such coverages.

(3) The Corporation shall make suitable arrangements for a surviving spouse

(i) of an employee or retired employee (but not the surviving spouse of a former employee eligible for a deferred pension or a surviving spouse or surviving divorced spouse eligible for a pre-retirement survivor benefit under Article II, Section 12 of The Detroit Diesel Hourly-Rate Employees Pension Plan) if such spouse is receiving or is eligible to receive a survivor benefit under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan,

(ii) of a retired employee if, prior to death, the retired employee was receiving a benefit under Article II of

The Detroit Diesel Hourly-Rate Employees Pension Plan.

(iii) of a former employee whose employment was terminated at age 65 or older for any reason other than a discharge for cause with insufficient credited service to be entitled to a benefit under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan, or

(iv) of an employee who at the time of death was eligible to retire on an early or normal pension under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan, to participate in health care coverages; provided, however, that dental coverage shall be available to a surviving spouse age 65 or over for months that such surviving spouse is enrolled for Medicare Part B coverage.

(4) The Corporation shall make contributions for health care coverages continued in accordance with subsection (b)(3) above only on behalf of a surviving spouse, as provided therein and in subsection (b)(5) below (including for this purpose a surviving spouse who would receive survivor benefits under The Detroit Diesel Hourly-Rate Employees Pension Plan except for receipt of Survivor Income Benefits under the Detroit Diesel Life and Disability Benefits Program), and the eligible dependents of any such spouse; provided, however, that the contributions on behalf of a surviving spouse for the month the surviving spouse becomes age 65 and subsequent months shall be made only for months that the surviving spouse is enrolled for Medicare Part B coverage.

(5) The Corporation shall make suitable arrangements for a surviving spouse of an employee whose loss of life results from accidental bodily injuries caused solely by

employment with Detroit Diesel Corporation, and results solely from an accident in which the cause and result are unexpected and definite as to time and place, to participate in health care coverages; provided, however, such coverages shall not include prescription drug, dental, hearing aid or vision coverages unless applicable to the employee at date of death, and shall terminate upon the remarriage or death of the surviving spouse. Any Corporation contributions for coverages continued under this subsection (b)(5) shall be as provided in subsection (b)(4) above.

(6) A surviving spouse who is eligible for such coverages provided in subsections (b)(1), (b)(3) and (b)(5) above and who elects such coverages but who is not eligible for Corporation contributions as provided in subsections (b)(2) and (b)(4) must make such election no later than 60 days following the later of the end of the month in which the death of the employee, retired employee, or former employee occurs, or following the date of notice of available options by the Corporation, and shall contribute monthly the entire cost for such coverages for (i) single party, (ii) two party, or (iii) family.

(7) When contributions by surviving spouses are required they shall be paid in cash directly to the Corporation or its agent on or before the 10th day of the month for which such coverages are to be provided or such other due date as may be established by the Corporation.

## Section 9.   Dependent Eligibility Provisions

(a) General Provisions

(1) As used in this Section 9, when reference is made to a person (i.e. - person A) being "dependent upon"



# Supplemental Agreement

Covering

## HEALTH CARE PROGRAM

Exhibits C and C-1

to

AGREEMENT

between

**DETROIT DIESEL CORPORATION**

and

**UAW**

dated

**August 26, 1994**

Art. III, 5(d)

## Section 7. Continuation of Coverages Upon Termination of Employment Other Than by Retirement or Death

(a) Except as provided in Article III, Section 4(c) above, health care coverages for an employee who quits or is discharged shall automatically cease as of the last day of the month in which the employee quits or is discharged or, if later, the date seniority is broken.

(b) Following termination of employment other than by retirement or death, the former employee shall be entitle to continuation of coverages provided under applicable Federal laws, or to a conversion contract under Section 10, below.

## Section 8. Continuation of Coverages for the Survivors of an Employee, or of a Retired Employee or Certain Former Employee

(a) If an employee dies prior to becoming eligible for health care coverages under Section 2 above, the Corporation shall permit the spouse of such employee to participate in the core coverages, on a self-pay basis, as provided in subsection (b)(1)below.

(b) If an employee or retiree dies after coverages are in effect under the Program, coverage for any dependents will cease as of the end of the month in which the employee or retiree dies. Thereafter, a surviving spouse may be eligible to continue coverages as indicated below.

For purposes of this Section 8 and of Article V, "surviving spouse" does not include the spouse of a former employee eligible for a deferred pension under Article VII, Section 2 of The Detroit Diesel Hourly-Rate Employees Pension Plan; or a spouse or former spouse receiving, or eligible to receive, a pre-retirement survivor benefit under Article II, Section 12 of the previously referenced Pension Plan.

35

---

erages continued in accordance with subsection (c) above, on the same basis as set forth in Section 4, as of the date certification of disability is presented.

## Section 6. Continuation of Coverages Upon Retirement or Termination of Employment at Age 65 or Older

(a) The health care coverages an employee has at the time of retirement or termination of employment at age 65 or older (for any reason other than a discharge for cause) with insufficient credited service to entitle the employee to a benefit under Article II of the Detroit Diesel Hourly-Rate Employees Pension Plan shall be continued.

(b) An employee who upon retirement is not enrolled for the coverages as provided in subsection (a) above may enroll for health care coverages to which entitled at the time of or subsequent to retirement. Such coverage shall become effective on the first of the month following receipt of application from such retired employee.

(c) The Corporation shall make contributions, in accordance with Program provisions, for health care coverages continued in accordance with subsections (a) and (b) above, for:

(1) a retired employee (including any eligible dependents other than sponsored dependents), provided such retired employee is eligible for benefits under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan; and

(2) an employee (including any eligible dependents other than sponsored dependents) terminating at age 65 or older (for any reason other than a discharge for cause) with insufficient credited service to be entitled to a benefit under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan.

34

(1) The Corporation shall make suitable arrangements for the surviving spouse of an employee to participate, on a self-pay basis, in core coverages as long as monthly survivor income benefits provided in the Detroit Diesel Life and Disability Benefits Program for Hourly Employees are payable, or as long as the Bridge Survivor Income Benefit provided therein is not payable only because the survivor is eligible for a Mother's Insurance Benefit, or a comparable benefit for a father whether or not it is called a Father's Insurance Benefit, under the Federal Social Security Act as now in effect or as hereafter amended. However, such coverage shall not include prescription drug or hearing aid coverage unless applicable to the employee at the date of death.

(2) The Corporation shall make contributions for core coverages continued in accordance with subsection (b)(2) above, for the first twelve months in which monthly Transition Survivor Income Benefits are payable to a surviving spouse who also is eligible for monthly Bridge Survivor Income Benefits provided under the Detroit Diesel Life and Disability Benefits Program. This provision also shall apply to the surviving spouse of an employee who dies on or after September 26, 1994, but who is ineligible for Bridge Survivor Income Benefits solely because of being age sixty (60) or older as of the employee's date of death. Thereafter, the surviving spouse shall contribute the full cost for such coverages.

(3) The Corporation shall make suitable arrangements for a surviving spouse

   (i) of an employee or retired employee (but not the surviving spouse of a former employee eligible for a deferred pension or a surviving spouse or surviving divorced spouse eligible for a pre-retirement survivor benefit under Article II, Section 12 of The Detroit Diesel Hourly-Rate Employees Pension Plan) if such

spouse is receiving or is eligible to receive a survivor benefit under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan,

   (ii) of a retired employee if, prior to death, the retired employee was receiving a benefit under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan,

   (iii) of a former employee whose employment was terminated at age 65 or older for any reason other than a discharge for cause with insufficient credited service to be entitled to a benefit under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan, or

   (iv) of an employee who at the time of death was eligible to retire on an early or normal pension under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan, to participate in health care coverages; provided, however, that dental coverage shall be available to a surviving spouse age 65 or over only for months that such surviving spouse is enrolled for Medicare Part B coverage.

(4) The Corporation shall make contributions for health care coverages continued in accordance with subsection (b)(3) above only on behalf of a surviving spouse, as provided therein and in subsection (b)(5) below (including for this purpose a surviving spouse who would receive survivor benefits under The Detroit Diesel Hourly-Rate Employees Pension Plan except for receipt of Survivor Income Benefits under the Detroit Diesel Life and Disability Benefits Program), and the eligible dependents of any such spouse; provided, however, that the contributions on behalf of a surviving spouse for the month the surviving spouse becomes age 65 and subsequent months shall be made only for months that the surviving spouse is enrolled for Medicare Part B coverage.

Art. III, 8(b)(5)

Art.

(5) The Corporation shall make suitable arrangements for a surviving spouse of an employee whose loss of life results from accidental bodily injuries caused solely by employment with Detroit Diesel Corporation, and results solely from an accident in which the cause and result are unexpected and definite as to time and place, to participate in health care coverages; provided, however, such coverages shall not include prescription drug, dental, hearing aid or vision coverages unless applicable to the employee at date of death, and shall terminate upon the remarriage or death of the surviving spouse. Any Corporation contributions for coverages continued under this subsection (b)(5) shall be as provided in subsection (b)(4) above.

(6) A surviving spouse who is eligible for such coverages provided in subsections (b)(1), (b)(3) and (b)(5) above and who elects such coverages but who is not eligible for Corporation contributions as provided in subsections (b)(2) and (b)(4) must make such election no later than 60 days following the later of the end of the month in which the death of the employee, retired employee, or former employee occurs, or following the date of notice of available options by the Corporation, and shall contribute monthly the entire cost for such coverages for (i) single party, (ii) two party, or (iii) family.

(7) When contributions by surviving spouses are required, they shall be paid in cash directly to the Corporation or its agent on or before the 10th day of the month for which such coverages are to be provided or such other due date as may be established by the Corporation.

38

## Section 9.  Dependent Eligibility Provisions

(a)  General Provisions

(1) As used in this Section 9, when reference is made to a person (i.e. – person A) being "dependent upon" another person (i.e. –person B), the term shall mean that person B may legally claim an exemption for person A, under Section 151 of the Internal Revenue Code, for Federal income tax purposes.

(2) The provisions of this Section 9 apply with respect to enrollment of certain dependents as secondary enrollees under primary enrollees who elect "self and spouse," "self and child," or "self and family" enrollment, in accordance with Article III, Section 1(a)(1) of the Program and to enrollment of sponsored dependents under subsection (e) below. Unless specifically provided otherwise in the Program, such a dependent has no individual or personal right of enrollment, right to select an option within the Health Care Program, or right to continue coverages under the Program.

(3) The Corporation shall have the right of determining eligibility of a dependent, consistent with the provisions of this Program.

(4) A primary enrollee claiming initial or continuing eligibility of a dependent shall furnish whatever documentation may be necessary to substantiate the claimed eligibility of a dependent and the social security number of each such dependent for whom a social security number is required to claim an exemption on the primary enrollee's Federal income tax return. Refusal or failure to furnish such documentation when requested to do so, or to furnish the social security number within a reasonable period of time, shall result in denial or withdrawal of eligibility for such dependent.

39



# Supplemental Agreement

Covering

**PENSION PLAN**
Exhibit A

**LIFE AND DISABILITY BENEFITS PROGRAM**
Exhibit B

**HEALTH CARE PROGRAM**
Exhibits C and C-1

to

AGREEMENT

between

DETROIT DIESEL CORPORATION

and

UAW

dated

September 28, 1998

## Section 6. Continuation of Coverages Upon Retirement or Termination of Employment at Age 65 or Older

(a) The health care coverages an employee has at the time of retirement or termination of employment at age 65 or older (for any reason other than a discharge for cause) with insufficient credited service to entitle the employee to a benefit under Article II of the Detroit Diesel Hourly-Rate Employees Pension Plan shall be continued.

(b) An employee who upon retirement is not enrolled for the coverages as provided in subsection (a) above may enroll for health care coverages to which entitled at the time of or subsequent to retirement. Such coverage shall become effective on the first of the month following receipt of application from such retired employee.

(c) The Corporation shall make contributions, in accordance with Program provisions, for health care coverages continued in accordance with subsections (a) and (b) above, for:

(1) a retired employee (including any eligible dependents other than sponsored dependents), provided such retired employee is eligible for benefits under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan; and

(2) an employee (including any eligible dependents other than sponsored dependents) terminating at age 65 or older (for any reason other than a discharge for cause) with insufficient credited service to be entitled to a benefit under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan.

## Section 7. Continuation of Coverages Upon Termination of Employment Other Than by Retirement or Death

(a) Except as provided in Article III, Section 4(c) above, health care coverages for an employee who quits or is discharged shall automatically cease as of the last day of the month in which the employee quits or is discharged or, if later, the date seniority is broken.

(b) Following termination of employment other than by retirement or death, the former employee shall be entitled to continuation of coverages provided under applicable Federal laws, or to a conversion contract under Section 10, below.–

## Section 8. Continuation of Coverages for the Survivors of an Employee, or of a Retired Employee or Certain Former Employee

(a) If an employee dies prior to becoming eligible for health care coverages under Section 2 above, the Corporation shall permit the spouse of such employee to participate in the core coverages, on a self-pay basis, as provided in subsection (b)(1)below.

(b) If an employee or retiree dies after coverages are in effect under the Program, coverage for any dependents will cease as of the end of the month in which the employee or retiree dies. Thereafter, a surviving spouse may be eligible to continue coverages as indicated below.

For purposes of this Section 8 and of Article V, "surviving spouse" does not include the spouse of a former employee eligible for a deferred pension under Article VII, Section 2 of The Detroit Diesel Hourly-Rate Employees Pension Plan; or a spouse or former spouse receiving, or eligible to receive, a pre-retirement survivor benefit under Article II, Section 12 of the previously referenced Pension Plan.

(1) The Corporation shall make suitable arrangements for the surviving spouse of an employee to participate, on a self-pay basis, in core coverages as long as monthly survivor income benefits provided in the Detroit Diesel Life and Disability Benefits Program for Hourly Employees are payable, or as long as the Bridge Survivor Income Benefit provided therein is not payable only because the survivor is eligible for a Mother's Insurance Benefit, or a comparable benefit for a father whether or not it is called a Father's Insurance Benefit, under the Federal Social Security Act as now in effect or as hereafter amended. However, such coverage shall not include prescription drug or hearing aid coverage unless applicable to the employee at the date of death.

(2) The Corporation shall make contributions for core coverages continued in accordance with subsection (b)(2) above, for the first twelve months in which monthly Transition Survivor Income Benefits are payable to a surviving spouse who also is eligible for monthly Bridge Survivor Income Benefits provided under the Detroit Detroit Diesel Life and Disability Benefits Program. This provision also shall apply to the surviving spouse of an employee who dies on or after September 28, 1998, but who is ineligible for Bridge Survivor Income Benefits solely because of being age sixty (60) or older as of the employee's date of death. Thereafter, the surviving spouse shall contribute the full cost for such coverages.

(3) The Corporation shall make suitable arrangements for a surviving spouse

(i) of an employee or retired employee (but not the surviving spouse of a former employee eligible for a deferred pension or a surviving spouse or surviving divorced spouse eligible for a pre-retirement survivor benefit under Article II, Section 12 of The Detroit

Diesel Hourly-Rate Employees Pension Plan) if such spouse is receiving or is eligible to receive a survivor benefit under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan,

(ii) of a retired employee if, prior to death, the retired employee was receiving a benefit under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan,

(iii) of a former employee whose employment was terminated at age

65 or older for any reason other than a discharge for cause with insufficient credited service to be entitled to a benefit under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan, or

(iv) of an employee who at the time of death was eligible to retire on an early or normal pension under Article II of The Detroit Diesel Hourly-Rate Employees Pension Plan, to participate in health care coverages; provided, however, that dental coverage shall be available to a surviving spouse age 65 or over only for months that such surviving spouse is enrolled for Medicare Part B coverage.

(4) The Corporation shall make contributions for health care coverages continued in accordance with subsection (b)(3) above only on behalf of a surviving spouse, as provided therein and in subsection (b)(5) below (including for this purpose a surviving spouse who would receive survivor benefits under The Detroit Diesel Hourly-Rate Employees Pension Plan except for receipt of Survivor Income Benefits under the Detroit Diesel Life and Disability Benefits Program), and the eligible dependents of any such spouse; provided, however, that the contributions on behalf of a surviving spouse for the month the surviving

C-1, Art. III, 8(b)(4)

C-1, Art.

spouse becomes age 65 and subsequent months shall be made only for months that the surviving spouse is enrolled for Medicare Part B coverage.

(5) The Corporation shall make suitable arrangements for a surviving spouse of an employee whose loss of life results from accidental bodily injuries caused solely by employment with Detroit Diesel Corporation, and results solely from an accident in which the cause and result are unexpected and definite as to time and place, to participate in health care coverages; provided, however, such coverages shall not include prescription drug, dental, hearing aid or vision coverages applicable to the employee at date of death, and shall terminate upon the remarriage or death of the surviving spouse. Any Corporation contributions for coverages continued under this subsection (b)(5) shall be as provided in subsection (b)(4) above.

(6) A surviving spouse who is eligible for such coverages provided in subsections (b)(1), (b)(3) and (b)(5) above and who elects such coverages but who is not eligible for Corporation contributions as provided in subsections (b)(2) and (b)(4) must make such election no later than 60 days following the later of the end of the month in which the death of the employee, retired employee, or former employee occurs, or following the date of notice of available options by the Corporation, and shall contribute monthly the entire cost for such coverages for (i) single party, (ii) two party, or (iii) family.

(7) When contributions by surviving spouses are required, they shall be paid in cash directly to the Corporation or its agent on or before the 10th day of the month for which such coverages are to be provided or such other due date as may be established by the Corporation.

242

## Section 9. Dependent Eligibility Provisions

(a) General Provisions

(1) As used in this Section 9, when reference is made to a person (i.e. - person A) being "dependent upon" another person (i.e. - person B), the term shall mean that person B may legally claim an exemption for person A, under Section 151 of the Internal Revenue Code, for Federal income tax purposes.

(2) The provisions of this Section 9 apply with respect to enrollment of certain dependents as secondary enrollees under primary enrollees who elect "self and spouse," "self and child," or "self and family" enrollment, in accordance with Article III, Section 1(a)(1) of the Program and to enrollment of sponsored dependents under subsection (e) below. Unless specifically provided otherwise in the Program, such a dependent has no individual or personal right of enrollment, right to select an option within the Health Care Program, or right to continue coverages under the Program.

(3) The Corporation shall have the right of determining eligibility of a dependent, consistent with the provisions of this Program.

(4) A primary enrollee claiming initial or continuing eligibility of a dependent shall furnish whatever documentation may be necessary to substantiate the claimed eligibility of a dependent and the social security number of each such dependent for whom a social security number is required to claim an exemption on the primary enrollee's Federal income tax return. Refusal or failure to furnish such documentation when requested to do so, or to furnish the social security number within a reasonable period of time, shall result in denial or withdrawal of eligibility for such dependent.

243

ORIGINAL

JS 44 11/99      **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: Wayne

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS

DANIEL WOOD, RONALD GOINS, and PRISCILLA SUE STREET, on behalf of themselves and a similarly situated class,

**DEFENDANTS**

DETROIT DIESEL CORPORATION

05-74106

(b) County of Residence of First Listed    Wayne

County of Residence of First Listed    Wayne

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

Sachs Waldman, PC / ANDREW NICKELHOFF (P37990)
1000 Farmer Street
Detroit, MI  48226        (313) 496-9429

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties In Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only)                              and One Box for Defendant)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT      (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment and Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault Libel And Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury-Med. Malpractice<br>☐ 365 Personal Injury-Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## V. ORIGIN      (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multi district Litigation

☐ 7 Appeal to District Judge from Magistrate

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Enforcement of contract and benefit plan under 29 U.S.C. § 185 and 29 U.S.C. § 1132(a).

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND                       (See

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) instructions:

IF ANY                              JUDGE                                        DOCKET NUMBER

DATE  10/26/05        SIGNATURE OF ATTORNEY OF RECORD

## PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?        ☐ Yes  ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously
discontinued or dismissed companion cases in this or any other
court, including state court? (Companion cases are matters in which
it appears substantially similar evidence will be offered or the same
or related parties are present and the cases arise out of the same
transaction or occurrence.)        ☐ Yes  ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :