**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DANIEL WOOD, RONALD GOINS, and**
**PRISCILLA SUE STREET, on behalf of**
**themselves and a similarly situated class,**

      **Plaintiffs,**

                                 **Case No. 05-74106**

**v.**

                                 **HONORABLE DENISE PAGE HOOD**

**DETROIT DIESEL CORPORATION,**

      **Defendant.**

_____/

## ORDER REGARDING MOTIONS

**I.**      **INTRODUCTION**

This matter is before the Court on Defendant's Motion for Reconsideration, Defendant's

Motion to Stay, Defendant's Motion for Leave to File Response in Opposition to Plaintiffs' Motion

for Preliminary Injunction Exceeding the Page Limits of LR 7.1(c)(3), Plaintiffs' Ex Parte Motion

for Leave to File Reply Brief in Support of Motion for Preliminary Injunction Exceeding the Page

Limit and Defendant's Motion to Amend/Correct.  The Plaintiffs filed a Response to the Motion to

Stay on January 18, 2006.

**II.**     **STATEMENT OF FACTS**

Plaintiffs, Daniel Wood, Ronald Goins, and Priscilla Sue Street and members of a similarly

situated class, are retirees and surviving spouses of retirees of the Defendant Detroit Diesel

Corporation. (Compl. ¶ 1).  The Complaint alleges (1) violation of collective bargaining agreements

and (2) violation of ERISA plan.  *Id*.  Plaintiffs seek to recover benefits due to them and clarification

1

of benefits due under an employee welfare benefit plan, among other things. *Id*. This action arises out of a series of collective bargaining agreements which included obligations to provide health care benefits to the Plaintiffs. *Id*. ¶ 15. The parties dispute whether the Plaintiffs' benefits were lifetime vested benefits and whether the Plaintiffs could be required to pay their healthcare costs and premiums, under the agreements.

On August 17, 2005, the Defendant informed the Plaintiffs that beginning on January 1, 2006, the Plaintiffs would be required to make co-payments in order to continue their medical insurance. (Compl. ¶ 16). Plaintiffs filed the Complaint on October 26, 2005. Plaintiffs also filed a Motion for Preliminary Injunction to prevent the Plaintiffs from having to pay any costs associated with their health care premiums on November 15, 2005. The Court issued an Order granting the Motion for Preliminary Injunction on December 30, 2005. Defendant filed the current Motion for Stay of Preliminary Injunction, Motion to Amend Counter-Claim and Third-Party Complaint, Motion for Reconsideration and a Notice of Appeal on January 13, 2006.

### III.    APPLICABLE LAW & ANALYSIS

#### A.    Motion for Reconsideration

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a Motion to Alter or Amend Judgment within ten days of entry of the Judgment. The ten day time period cannot be extended by the district court if the motion is filed after a judgment has been entered. Fed.R.Civ.P. 6(b); *Peake v. First National Bank and Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983). The ten day time limit is jurisdictional and may not be altered or waived. *McCarthy v. Manson*, 554 F.Supp. 1275 (D.C. Conn. 1982). The Local Rules of the Eastern District of Michigan provided that any motion for reconsideration shall be served not later than ten days after entry of such order. E.D.

Mich. LR 7.1(g)(1).  No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing the motion, otherwise directs.  E.D. Mich. LR 7.1(g)(2).  Local Rule 7.1.(g) further states:

> (3) **Grounds.**  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g)(3).

Defendant seeks reconsideration of the Court's December 30, 2005 Order Granting Plaintiffs' Motion for Preliminary Injunction stating that a palpable defect caused the Court to be misled and rest its decision on an incorrect statement.  Defendant asserts that a palpable defect arose because the Court was not provided the entire 1990, 1994 and 1998 collective bargaining agreements.  The Court finds that while properly showing a palpable defect, Defendant has not shown that correcting the defect will result in a different disposition.

Defendant provides the entire 1990, 1994 and 1998 collective bargaining agreements, and highlights specific provisions of the agreements which it states shows that the retirees could be made to pay contributions to the health benefits.  These specific provisions, however, while stating that the retirees *could be* required to pay the premiums, do not expressly state that any retiree is required to pay to the Defendant or VEBA any of the costs associated with the health care premiums or deductibles.  Defendant still has not provided any contract language providing that the retirees are responsible to the Defendant for costs associated with the health care premiums.

As the Defendant has failed to show that correcting the palpable defect would result in a different disposition, Defendant's Motion for Reconsideration is denied.

Defendant also asserts that the Court failed to provide for Plaintiffs to post a bond as required

by Federal Rules of Civil Procedure Rule 65.  Rule 65 states:

> No restraining order or preliminary injunction shall issue except upon the giving of
> security by the applicant, in such sum as the court deems proper, for the payment of
> such costs and damages as may be incurred or suffered by any party who is found to
> have been wrongfully enjoined or restrained.  No such security shall be required of
> the United States or of an officer or agency thereof.
>       The provisions of Rule 65.1 apply to a surety upon a bond or undertaking
> under this rule.

Fed.R.Civ.P. 65(c).

As the Court is required to provide for Plaintiffs to post a bond, the Court provides that the

Plaintiffs are to post a bond in the amount of $1,500.00, in accordance with Rules 65 and 65.1.

### B.      Motion to Stay

Defendant seeks an order staying the Court's Order granting the Preliminary Injunction,

based on the Sixth Circuit's decision in *Michigan Coalition of Radioactive Material Users v.*

*Griepentrog*, 945 F.2d 150 (6th Cir. 1991).  In determining whether to grant a stay, the court must

consider the same four factors examined when evaluating a motion for preliminary injunction.

*Michigan Coalition*, 945 F.2d at 153.  These factors are: (1) the likelihood that the party seeking the

stay will succeed on the merits of the appeal; (2) the amount of irreparable harm the moving party

will sustain absent the stay; (3) harm to others if the stay is granted; and (4) the public interest in

granting the stay.  *Id.*, *citing Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir.

1987).  The factors are not prerequisites, but rather must be balanced together.  *Id.*  To justify a stay

a movant does not always need to establish a high probability of success on the merits, instead the

probability of success is proportional to the amount of irreparable injury the movant will suffer

absent the stay.  *Id.*  The movant is required to show, at a minimum, that there are "serious questions

going to the merits." *Id*. at 154.  In order for a court to properly consider the four factors, the movant must address each factor, and provide specific facts and affidavits supporting any assertions of the existence of the factors.  *Id*.

In the current matter, Defendant discussed its likelihood of success and the irreparable harm it would suffer, however it fails to discuss the other two factors.  Furthermore, the Court has already considered the above factors in its December 30, 2005 Order granting the Preliminary Injunction, and determined that the Defendant did not have a high likelihood of success on the merits and that the Plaintiffs would suffer irreparable injury.  While the Defendant merely has to show "serious questions going to the merits" in a motion to stay, Defendant has not met this burden.  Defendant simply restates its arguments presented in defense of the Motion for Preliminary Injunction, stating that it is clear that this appeal presents a serious question.  Since the Defendant has not met is burden to succeed on a motion to stay, the motion is denied.

### C.      Motion to Amend/Correct Answer to Complaint

Defendant filed a Motion to Amend Counter-Claim and Third-Party Complaint on January 13, 2005, seeking to add a claim for rescission of the "lifetime" commitment.  Under the Federal Rules of Civil Procedure, a party may amend its pleading, after a responsive pleading has been served, only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires.  Fed.R.Civ.P. 15(a).

The Defendant filed a Third-Party Complaint and a Counterclaim on November 17, 2005.  Plaintiffs filed an Answer on December 7, 2005.  Since a responsive pleading has been served, the Plaintiffs must consent to the amendment or the Court must determine if justice requires such an amendment.  Here, Plaintiffs have not consented to the amendment of the Counterclaim and Third-

Party Complaint.

Defendant seeks rescission of the "lifetime" benefits commitment and repayment of the premium costs by the Plaintiffs if it succeeds in obtaining judgment in its favor. Defendant argues that such a claim became appropriate only after the Court issued its December 30, 2005 Order granting the Motion for Preliminary Injunction. Defendant further argues that there is no claim of prejudice or delay. The Court finds that justice so requires amendment of Defendant's Third-Party Complaint and Counterclaim.

### D.    Motions for Leave to File

Defendant filed a Motion for Leave to File Response in Opposition to Plaintiffs' Motion for Preliminary Injunction Exceeding the Page Limits of LR 7.1(c)(3) on December 7, 2005. The Plaintiffs filed an Ex Parte Motion for Leave to File Reply Brief in Support of Motion for Preliminary Injunction Exceeding the Page Limit on December 12, 2005. The Court issued an Order granting the Motion for Preliminary Injunction on December 30, 2005. Since the Court has already issued an Order granting the Motion for Preliminary Injunction, Defendant's Motion for Leave to File Response in Opposition to Plaintiffs' Motion for Preliminary Injunction Exceeding the Page Limits of LR 7.1(c)(3) and Plaintiffs' Ex Parte Motion for Leave to File Reply Brief in Support of Motion for Preliminary Injunction Exceeding the Page Limit are moot.

## IV.    CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration **[Docket No. 28, filed January 13, 2006]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Stay of Preliminary Injunction

**[Docket No. 26, filed January 13, 2006]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Amend Counter-Claim and Third-Party Complaint **[Docket No. 27, filed January 13, 2006]** is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Response in Opposition to Plaintiffs' Motion for Preliminary Injunction Exceeding the Page Limits of LR 7.1(c)(3) **[Docket No. 15, filed December 7, 2005]** is MOOT.

IT IS FURTHER ORDERED that Plaintiffs' Ex Parte Motion for Leave to File Reply Brief in Support of Motion for Preliminary Injunction Exceeding the Page Limit **[Docket No. 20, filed December 12, 2005]** is MOOT.

/s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: April 14, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 14, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager